IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOTERRO MEDINA, III | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0887-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Soterro Medina, III, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In January 2007, petitioner was denied parole after serving approximately 18 years of a 50 year sentence for murder. Although his next review date was scheduled for December 2008, petitioner has not yet received notice of a parole hearing. Instead, in February 2009, petitioner received a document from the TDCJ "charging him with a sentence begin date and a mandatory supervision release date that does not exist." (*See* Pet. Mem. Br. at 3). Petitioner now seeks federal habeas relief on the grounds that the Texas parole board violated his right to due process and imposed an illegal sentence by: (1) failing to provide him with notice of the charges against him prior to a parole review hearing; (2) charging him with a crime and a "sentence begin date" that does

not exist; and (3) sentencing him to a "non-existent" prison term based on an enhancement not proven to a jury beyond a reasonable doubt. By this action, petitioner seeks a review of his "hearing, conviction, and sentencing" due to "omissions in evidence and neglect or denials of proper due process[.]" (*See id.* at 5).[1]

II.

The threshold issue in this case is whether petitioner has exhausted his state remedies. A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus to satisfy the exhaustion requirement. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

A search of the official websites of the Dallas County courts and the Texas Court of Criminal Appeals reveals that petitioner has not filed an application for state post-conviction relief with respect to parole matters. Unless and until petitioner presents his claims to the Texas Court of Criminal Appeals, he may not seek federal habeas relief. *See Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging denial of parole requires

---

[1] This is the second time petitioner has sought federal habeas relief with respect to the same or similar actions of the Texas parole board. His first writ also was dismissed for failure to exhaust state remedies. *See Medina v. Quarterman*, No. 3-08-CV-1830-G, 2008 WL 4945639 (N.D. Tex. Nov. 17, 2008).

exhaustion of state remedies); *Eiland v. Cockrell*, No. 3-03-CV-0027-P, 2003 WL 21350136 at *1 (N.D. Tex. Jun. 5, 2003) (citing cases) (same).[2]

Nor can petitioner circumvent the exhaustion requirement of the federal habeas statute by bringing this action under 42 U.S.C. § 1983. Although the Supreme Court has held that a prisoner may, in certain circumstances, challenge state parole procedures in a civil rights action instead of an application for writ of habeas corpus, that option is available only for procedural challenges to state parole laws where success would not necessarily spell immediate or speedier relief for the prisoner and would not necessarily demonstrate the invalidity of the prisoner's confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005). Here, petitioner seeks review of the actions of the Texas parole board as it pertains to certain actions taken in *his* case. Petitioner does not challenge the Texas parole statutes or procedures generally. A favorable decision by the court would necessarily spell petitioner's immediate or speedier release. As a result, petitioner must bring his claims in an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Williams v. Texas Board of Pardons and Paroles*, No. C-06-70, 2006 WL 801030 at *3 (S.D. Tex. Mar. 24, 2006) (construing civil rights complaint as one for habeas relief where petitioner challenged results of specific parole hearing and sought a new hearing, not "an overhaul of the parole review system").[3]

---

[2] Although certain types of parole decisions are not subject to state judicial review, *see Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000), the court construes the claims made by petitioner to be constitutional in nature. Otherwise, petitioner cannot seek federal habeas relief. *See Davis v. Quarterman*, No. 3-06-CV-1467-N, 2006 WL 3342626 at *1 n.2 (N.D. Tex. Nov. 17, 2006).

[3] Even if petitioner could raise his claims in a federal civil rights complaint, the court questions whether he has a liberty interest in obtaining early release. If petitioner is eligible only for release on parole, as opposed to mandatory supervision, no such liberty interest exists. *See Palmer v. Texas Board of Paroles*, 89 Fed.Appx. 857, 858, 2003 WL 22945694 at *1 (5th Cir. Dec. 10, 2003), *citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (affirming dismissal of section 2254 habeas petition for failure to exhaust state remedies because, even if pleading was construed as civil rights complaint, prisoner "has no liberty interest in obtaining parole in Texas").

## **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE